IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**DENNIS EVANS**                                                     **PETITIONER**

**v.**                                          **No. 1:20CV124-GHD-JMV**

**STATE OF MISSISSIPPI**                                      **RESPONDENT**

### MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Dennis Evans for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition; Mr. Evans has responded, and the parties have submitted additional briefing. The matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted, and the instant petition for a writ of *habeas corpus* will be dismissed.

### *Habeas Corpus* Relief Under 28 U.S.C. § 2254

The writ of *habeas corpus*, a challenge to the legal authority under which a person may be detained, is ancient. Duker, The English Origins of the Writ of Habeas Corpus: A Peculiar Path to Fame, 53 N.Y.U.L.Rev. 983 (1978); Glass, Historical Aspects of Habeas Corpus, 9 St. John's L.Rev. 55 (1934). It is "perhaps the most important writ known to the constitutional law of England," *Secretary of State for Home Affairs v. O'Brien*, A.C. 603, 609 (1923), and it is equally significant in the United States. Article I, § 9, of the Constitution ensures that the right of the writ of *habeas corpus* shall not be suspended, except when, in the case of rebellion or invasion, public safety may require it. *Habeas Corpus*, 20 Fed. Prac. & Proc. Deskbook § 56. Its use by the federal courts was authorized in Section 14 of the Judiciary Act of 1789. *Habeas corpus* principles developed over time in both English and American common law have since been codified:

> The statutory provisions on *habeas corpus* appear as sections 2241 to 2255 of the 1948 Judicial Code. The recodification of that year set out important procedural limitations and additional procedural changes were added in 1966. The scope of the writ, insofar as the statutory language is concerned, remained essentially the same, however, until 1996, when Congress enacted the Antiterrorism and Effective Death Penalty Act, placing severe restrictions on the issuance of the writ for state prisoners and setting out special, new *habeas corpus* procedures for capital cases. The changes made by the 1996 legislation are the end product of decades of debate about *habeas corpus*.

*Id.* Under 28 U.S.C. § 2254, a federal court may issue the writ when a person is held in violation of the *federal* Constitution or laws, permitting a federal court to order the discharge of any person held by a *state* in violation of the supreme law of the land. *Frank v. Mangum*, 237 U.S. 309, 311, 35 S. Ct. 582, 588, 59 L. Ed. 969 (1915).

## Facts and Procedural Posture

Petitioner Dennis Evans is in the custody of the Mississippi Department of Corrections ("MDOC") and is currently housed at the Winston Choctaw County Correctional Facility in Louisville, Mississippi. In the instant federal petition for a writ of *habeas corpus*, Mr. Evans does not challenge his underlying guilty plea for aggravated assault and resulting sentence. *See* Doc. 1. Rather, he challenges the revocation of his suspended sentence on September 5, 2019, and the circuit court's denial of his "Motion for Sentence Reduction" on May 28, 2020. *Id.*

On December 1, 2009, Dennis Evans pled guilty to charges of aggravated assault (Count I) and possession of a weapon by a convicted felon (Count II) in the Lowndes County Circuit Court. Exhibit A[1] (Docket in Lowndes County Circuit Court Cause No. 2009-0501-CR1); Exhibit B ("Petition to Enter a Guilty Plea"). On March 1, 2010, the Lowndes County Circuit Court sentenced

---

[1] The exhibits referenced in this memorandum opinion may be found attached to the State's motion to dismiss.

Evans, under his plea, to serve a total term of twenty years in the custody of the MDOC on Count I, with five years to serve and fifteen years suspended. Exhibit C. The circuit court also ordered that "[t]he suspended portion of the above sentence [wa]s conditioned on [Evans'] good behavior and completion of five [] years of Post Release Supervision [("PRS")]." *Id.* Regarding Count II, the circuit court sentenced him to serve a term of five years in the custody of the MDOC, with the sentence to run concurrently with the sentence imposed in Count I. *Id.*

On February 14, 2017, MDOC filed a "Notice of Imminent Release from MDOC," which was stamped as "filed" on February 22, 2017. Exhibit D. MDOC notified the named Lowndes County officials of Evans' scheduled release from custody on February 28, 2017, due to the fact that his "parole [had been] continued." *Id.*[2]

On May 28, 2019, an Assistant District Attorney for Lowndes County filed a "Petition to Revoke Suspension of Sentence," asserting that Evans violated the terms of his suspended sentence for aggravated assault in the following respects: (1) Evans failed to report after being sanctioned to

---

[2] On May 14, 2018, an Assistant District Attorney for Lowndes County filed a "Petition to Revoke Suspension of Sentence," asserting that Evans violated the terms of his suspended sentence for aggravated assault in the following respects: (1) Evans committed an offense against the law when he was arrested on May 1, 2018, in Monroe County, Mississippi, and was charged with malicious mischief; and (2) Evans failed to remit payment of restitution, fines, costs, and fees to Lowndes County Circuit Court since May 2015. Exhibit E. Accordingly, the Lowndes County Assistant District Attorney requested that Evans' suspended sentence be terminated and that he be required to serve the fifteen-year sentence in the custody of the MDOC, as originally imposed by the circuit court. *Id.* Evans signed a "Waiver of Right to Preliminary Probation Revocation Hearing," which was filed in the circuit court on May 14, 2018. Exhibit F. On the same date, the circuit court issued a bench warrant for Evans, and a copy of the executed bench warrant was filed in the circuit court on May 21, 2018. Exhibit G. On May 31, 2018, upon motion of the Assistant District Attorney, the Lowndes County Circuit Court entered an "Order to Dismiss Revocation Proceedings." Exhibit H. The circuit court dismissed the revocation proceedings without prejudice, finding that, if the State ultimately indicted Evans on the malicious mischief charge, the State should then refile a petition to revoke Evans' suspended sentence. *Id.* The circuit court further specifically ordered that "[a]ll other terms and conditions of [Evans'] Supervision shall remain in full force and effect." *Id.*

- 3 -

report on a weekly basis; (2) Evans failed to pay supervision fees; (3) Evans failed to pay monies owed to the Lowndes County Circuit Court; (4) Evans violated the law by being charged with domestic violence-simple assault by the Aberdeen Police Department; and (5) Evans violated the law by being arrested by the Tupelo Police Department for domestic violence and possession of marijuana on April 14, 2019. Exhibit I. On the same date, the Lowndes County Circuit Court issued a bench warrant for Evans, and a copy of the executed bench warrant was filed in the circuit court on July 1, 2019. Exhibit J. On August 19, 2019, the circuit court entered an "Order Setting Revocation Hearing." Exhibit K. On September 5, 2019, the Lowndes County Circuit Court held a hearing regarding Evans' revocation. Exhibit L. At the hearing, Evans responded that he wished to admit that he did in fact violate the conditions of the suspended portion of his sentence, rather than have a formal revocation hearing. *See id.* at 4. On the same date, the Lowndes County Circuit Court entered an Order revoking Evans' suspended sentence, finding that Evans violated its terms and conditions, based upon his own admission to the court. Exhibit M. Accordingly, the circuit court sentenced Evans "to serve the balance of the term of FIFTEEN [] years in the [custody of the MDOC,]" and ordered that he receive credit for his time in custody as a prehearing detainee. *Id.* (emphasis in original).

The records of the MDOC Administrative Remedy Program ("ARP") reflect that Evans has not filed any grievances with the MDOC ARP concerning his revocation or the calculation of his sentence, as of the filing of the State's Motion to Dismiss. Exhibit N. The records of the Lowndes County Circuit Court reflect that Evans, proceeding *pro se*, filed a document entitled "Motion for Sentence Reduction," which was docketed as a "Petition for Post[-]Conviction Collateral Relief Motion for Sentence Reduction" in the Lowndes County Circuit Court on May 6, 2020. Exhibit O (Docket in Cause No. 2020-0043-CV1); Exhibit P ("Motion for Sentence Reduction"). On May 28,

2020, the Lowndes County Circuit Court denied Evans' motion. Exhibit Q. The circuit court construed Evans' pleading as a "Motion for Sentence Reconsideration" and explained that the court declined to amend any aspect of Evans' sentence and found that a hearing was unnecessary. *Id.* A search of the Mississippi Supreme Court's docket, as available on the court's official website, reflects that Evans has not filed any actions in that court, as of the filing of the State's Motion to Dismiss. Evans thus failed to appeal the Lowndes County Circuit Court's denial of his "Motion for Sentence Reduction."

On June 10, 2020, Evans filed the instant federal petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. Doc. 1. In his petition, he challenges his revocation and the imposition of his suspended sentence for aggravated assault, raising the following three grounds for relief:

**Ground One:** Deprived of Amendment 5 [during revocation proceedings].

**Ground Two:** Unlawful imprisonment.

**Ground Three:** [The Lowndes County Circuit Court] [d]enied [Evans' Motion for Sentence Reduction] without sufficient cause.

Doc. 1.

## Discussion

As set forth in detail below, Ground Three of the instant petition will be dismissed with prejudice for failure to state a claim upon which relief can be granted. In the alternative, Ground Three will be dismissed without prejudice for failure to exhaust state remedies. Grounds One and Two of the instant petition will also be dismissed without prejudice for failure to exhaust state court remedies.

### Ground Three: Failure to State a Valid *Habeas Corpus* Claim[3]

To the extent that Ground Three of the instant petition challenging the Lowndes County Circuit Court's denial of Evans' "Motion for Sentence Reduction" is construed to raise the same claims as raised before the circuit court, such arguments fail to state a claim upon which *habeas corpus* relief may be granted. In support of Ground Three of the instant petition, Evans states:

> I was refused on my Motion for Sentence Reconsideration. I meet all requirements to be rereleased on probation. All the grounds used were substantial.

Doc. 1 at 8. Evans also attaches to his petition, a copy of his "Motion for Sentence Reduction" and the circuit court's Order denying it. *Id.* at 15–17, 25. In his motion filed in the circuit court, Evans asserted that, because "[he] ha[d] served over fifty percent (50%) of total sentence that is required[,]" he was "eligible for reduction or suspension[]" of his sentence.[4] *Id.* at 15. Evans further argued that he "ha[d] maintained good conductive time and excellent work history[,]" performing kitchen detail work during his incarceration. *Id.* at 16. Accordingly, Evans requested that that "the remainder of the sentence be suspended or ANY alternative sentencing." *Id.* (emphasis in original). Finally, Evans alleges that "[he] had already received Golden Seal as a certificate that proves he has completed [his] sentence[;] [t]herefore[,] meaning the only time that could be served would have been only the remaining post-release supervision." *Id.*

---

[3] As discussed below, it appears that Mr. Evans has not exhausted state remedies as to his claims in Ground Three. However, although the AEDPA requires total exhaustion as a prerequisite for this Court to grant relief, the court may deny relief on the petitioner's unexhausted claims. *Neville v. Dretke*, 423 F.3d 474, 480–482 (5th Cir. 2005) (Although the AEDPA requires total exhaustion as a prerequisite for this Court to grant relief, this Court may deny relief on the petitioner's unexhausted claims).

[4] To the extent that Mr. Evans asserts in his "Motion for Sentence Reduction" that he was filing the motion "[p]ursuant [to] Miss. Code § 47-3-2.2[,]" the Mississippi Code does not contain such provision. *See* Doc. 1 at 15–17. It appears, however, based on Evans' argument in his motion, that he seeks an early conditional release, at least in part, based upon Miss. Code Ann. § 47-7-3.2.

Federal *habeas corpus* relief for an inmate in custody pursuant to the judgment of a state court is available "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Therefore, a petitioner cannot maintain a federal *habeas corpus* petition unless he alleges the deprivation of some right secured to him by federal law. *Id.*; *see also Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984); *Trussell v. Estelle*, 699 F.2d 256, 259 (5th Cir. 1983); *Baker v. McCollan*, 443 U.S. 137 (1979). If a petitioner has not alleged the deprivation of such a right, then he has failed to state a claim for *habeas corpus* relief, and the grounds must be dismissed. *Irving*, 732 F.2d at 1216. Further, a federal *habeas corpus* petition "based on any argument that state courts are incorrectly applying their own law … is not a basis for [federal *habeas corpus*] relief." *Wansley v. Miss. Dep't of Corr.*, 769 F.3d 309, 312 (5th Cir. 2014).

In Ground Three, Mr. Evans does not challenge the constitutionality of his revocation for aggravated assault; instead, he asserts that he is entitled to early release under Mississippi law, and the circuit court erred in denying his "Motion for Sentence Reduction." Doc. 1 at 8. However, "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Nebraska Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). In addition, both the Mississippi Supreme Court and the Fifth Circuit hold that Mississippi's parole statutes are permissive, rather than mandatory, and thus fail to create a liberty interest that will support a *habeas corpus* claim for failure to release an inmate on parole. *See Davis v. State*, 429 So. 2d 262, 263 (Miss. 1983) (holding that the Mississippi parole law provides only "a mere hope that the benefit will be obtained"); *Scales v. Mississippi State Parole Board*, 831 F.2d 565, 566 (5th Cir. 1987) (citing *Irving*, 732 F.2d at 1217–18 (holding that "the Mississippi [parole] statute does not create any constitutionally protected liberty interest in parole to which procedural due process

considerations attach")); *see also* Miss. Code Ann. § 47-7-1, *et seq.* Mississippi statutes thus provide no "legitimate claim of entitlement" to parole or early release – only the hope of it. As such, Mr. Evans cannot sustain a federal *habeas corpus* petition based on his allegations in Ground Three. *See Greenholtz*, 442 U.S. at 7; *see also Wansley*, 769 F.3d 309 at 312–13 (holding that "when a prisoner has no liberty interest in obtaining parole ... he cannot complain of the constitutionality of procedural devices attendant to parole decisions") (alteration in original). Hence, Mr. Evans does not have a constitutionally recognized liberty interest in parole or early release due to the discretionary nature of Mississippi's parole system.

Put succinctly, Mr. Evans' claim in Ground Three regarding a right to release before the expiration of his sentence under Miss. Code Ann. § 47-7-3.2 does not rise to the level of a constitutional violation because he cannot show that he has a protected liberty interest in early release. Section 47-7-3.2, prescribing certain parole eligibility requirements for offenders convicted after July 1, 2014, provides, in relevant part:

> (1) Notwithstanding Sections 47-5-138, 47-5-139, 47-5-138.1 or 47-5-142, no person convicted of a criminal offense on or after July 1, 2014, shall be released by the department until he or she has served no less than fifty percent (50%) of a sentence for a crime of violence pursuant to Section 97-3-2 or twenty-five percent (25%) of any other sentence imposed by the court.

This statute regarding an inmate's early release is wholly an issue of Mississippi law, which permits early release as an act of grace by the state, but does not create a right to it. As such, Mr. Evans has not alleged the deprivation of any interest protected by federal law. Thus, to the extent that Ground Three of the instant petition asserts that, under state law, Mr. Evans should be eligible for release after serving fifty percent of his sentence, this argument fails to state a claim upon which federal *habeas corpus* relief could be granted. This claim for relief will thus be dismissed with prejudice.

**Grounds One, Two, and Three: Failure to Exhaust State Remedies**

Mr. Evans has not exhausted his state remedies as to his claims in Grounds One, Two, and Three of the instant petition for a writ of *habeas corpus*, as required by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). "A fundamental prerequisite to federal habeas relief under 28 U.S.C. § 2254 is the exhaustion of all claims in state court under § 2254(b)(1) prior to requesting federal collateral relief." *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)). A finding of exhaustion requires the petitioner to have "fairly presented the substance of his claims to the state courts." *Sones v. Hargett*, 61 F.3d 410, 414-15 (5th Cir. 1995) (citing *Vela v. Estelle*, 708 F.2d 954, 958 (5th Cir. 1983)). Further, exhaustion "requires that normally a state prisoner's entire federal petition for a writ of *habeas corpus* must be dismissed unless the prisoner's state remedies have been exhausted as to all claims raised in the federal petition." *Graham v. Johnson*, 94 F.3d 958, 968 (5th Cir. 1996) (citing *Rose*, 455 U.S. at 518-19). The exhaustion doctrine gives "the state courts the first opportunity to review the federal constitutional issues and to correct any errors made by the trial courts, [and thus] 'serves to minimize friction between our federal and state systems of justice.'" *Satterwhite v. Lynaugh*, 886 F.2d 90, 92 (5th Cir. 1989) (quoting *Rose*, at 518) (citations omitted).

Evans filed the instant petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, as amended, which provides in pertinent part:

(b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that

    (A)  the applicant has exhausted the remedies available in the courts of the State; or

    (B)(i)  there is an absence of available State corrective process; or

        (ii)  circumstances exist that render such process ineffective to protect the

rights of the applicant.

Additionally, § 2254(c) provides as follows:

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

The exhaustion doctrine requires Mr. Evans to present his claims in Grounds One, Two, and Three to the Mississippi Supreme Court in a procedurally proper manner to provide the state court with a fair opportunity to consider and rule upon the claims. *See O'Sullivan*, 526 U.S. at 842–45. The records of the Lowndes County Circuit Court reflect that Mr. Evans has failed to utilize the Mississippi Uniform Post-Conviction Collateral Relief Act to seek relief challenging his revocation proceeding.[5] In addition, the Mississippi Supreme Court's docket, as available on the court's official website, reflects Mr. Evans has filed no actions in that court. Mr. Evans may satisfy the AEDPA's exhaustion requirement as to Grounds One and Two by completing the state appellate process once he receives a ruling on any properly filed motion for post-conviction relief in the Lowndes County Circuit Court, if necessary.

Finally, as to Ground Three, Miss. Code Ann. § 99-39-27(9) provides an exception to the successive writ bar applicable to state post-conviction actions when a petitioner "claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked." Thus, as Mr. Evans challenges the validity of his revocation, it appears that he has an

---

[5] A deputy clerk with the Lowndes County Circuit Court Clerk's Office confirmed to counsel for the State that the only post-conviction action filed by Evans in the circuit court related to his revocation is the "Motion for Sentence Reduction" discussed in detail in this Motion to Dismiss. *See* Exhibits O, P, Q.

available state court remedy through which to pursue his claims in Ground Three to the state's highest court. Hence, this ground for relief will also be dismissed without prejudice for failure to exhaust state remedies. As Mr. Evans has not provided the Mississippi Supreme Court with a fair opportunity to consider his claims in Grounds One, Two, and Three in a procedurally proper manner, he has not satisfied the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A).

## Conclusion

For the reasons set forth above, the State's motion to dismiss will be granted, and the instant petition for a writ of *habeas corpus* will be dismissed. The petitioner's claims in Ground Three of the instant petition will be dismissed with prejudice for failure to state a claim upon which relief could be granted. In the alternative, the petitioner's claims in Ground Three will be dismissed without prejudice for failure to exhaust state remedies. In addition, the petitioner's claims in Grounds One and Two of the instant petition will be dismissed without prejudice for failure to exhaust state remedies. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 12th day of February, 2021.

_____
SENIOR UNITED STATES DISTRICT JUDGE